**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-6322

_____

JOSE LUIS GUTIERREZ HERNANDEZ,

             Petitioner - Appellant,

      v.

WARDEN MCFADDEN,

             Respondent - Appellee.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Mary G. Lewis, District Judge.
(4:15-cv-01002-MGL)

_____

Submitted:  February 9, 2017          Decided:  July 7, 2017

_____

Before GREGORY, Chief Judge, and TRAXLER and KEENAN, Circuit
Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

Jose Luis Gutierrez Hernandez, Appellant Pro Se.   Donald John
Zelenka, Senior Assistant Attorney General, Caroline M.
Scrantom, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Gutierrez Hernandez appeals the district court's order adopting the magistrate judge's recommendation and denying relief on his 28 U.S.C. § 2254 (2012) petition. We granted a partial certificate of appealability on the issue of whether appellate counsel was ineffective in failing to argue on appeal that the trial court erred in giving an incomplete jury instruction on character. We now affirm in part and dismiss in part.

We review de novo the district court's decision denying Hernandez's § 2254 petition. Grueninger v. Dir., Va. Dep't of Corr., 813 F.3d 517, 523 (4th Cir. 2016). If a state court adjudicates a § 2254 petitioner's claim on the merits, the petition may only be granted if the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Because the Supreme Court of South Carolina summarily refused Hernandez's appeal of his ineffective assistance of appellate counsel claim, we evaluate the trial court's decision on Hernandez's state application for postconviction relief. Grueninger, 813 F.3d at 525.

2

To establish that a state court unreasonably applied federal law, a petitioner must demonstrate "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). Under this standard, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102.

To demonstrate ineffective assistance of counsel, Hernandez "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). We conclude that the district court did not err in holding that the state court's ruling that Hernandez failed to demonstrate prejudice on his claim was not an unreasonable application of the Strickland standard.

Accordingly, we affirm the portion of the district court's order relating to the character instruction. We deny a certificate of appealability as to Hernandez's remaining claims and dismiss that portion of the appeal. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>
